UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAULA PARSELL,                                              Case No. 08-12082

    Plaintiff,                                             Honorable Nancy G. Edmunds

v.

COUNTRYWIDE HOME LOANS, Inc.
A New York Corporation and
JOHN DOE,

    Defendants
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [4]**

Plaintiff Paula Parsell filed this action against Countrywide Home Loans ("Countrywide") and John Doe in Wayne County Circuit Court. Countrywide removed the case to this Court based on diversity jurisdiction. This matter comes before the Court on Plaintiff's motion to remand the case to Wayne County Circuit Court. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.   Facts**

Plaintiff filed suit against Defendants Countrywide and John Doe in Wayne County Circuit Court on March 20, 2008. (Compl. at 1.) Defendant Countrywide is a New York corporation with its principal place of business in California. (Def.'s Notice of Rem. at 2.) Plaintiff alleges in her complaint that John Doe is an employee or agent of Countrywide. (Compl. at ¶ 3.) Countrywide denies the allegation and states that John Doe was an independent contractor. (Def.'s Ans. at ¶ 3.) Countrywide contends that John Doe is actually Central Valley Mortgage Services, Inc., a California corporation.

(Def.'s Resp. at 5 n.1.) Plaintiff argues in her motion that John Doe is an independent contractor located in Michigan and that Countrywide has so far refused to provide the name of this individual. (Pl.'s Mot. at ¶¶ 6, 7.)

Plaintiff filed this motion on May 19, 2008.

## II. Standard of Review

The federal removal statute, codified at 28 U.S.C. § 1441, grants defendants in civil suits filed in state court the ability to remove the case to a federal court, provided the federal court has original jurisdiction over the matter. Diversity jurisdiction exists only where plaintiffs and defendants are completely diverse.

> Diversity of citizenship…exists only when no plaintiff and no defendant are citizens of the same state. In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed.

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (internal citations omitted).

## III. Analysis

The federal removal statute explicitly states that "[f]or the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441. In a recent case cited by Defendant, the Sixth Circuit held that unnamed defendants do not inherently destroy diversity jurisdiction.

> At that time, the only defendant identified by name in Curry's first amended complaint was U.S. Bulk Transport. The remaining defendants were merely identified as John Does, and their citizenship was unknown. Curry is a citizen of Ohio, and U.S. Bulk Transport is a citizen of Pennsylvania, as it is a Pennsylvania corporation with its principal place of business in Pennsylvania. There is no question, therefore, that at the moment of removal, complete diversity existed between the identified parties, and the district court properly exercised diversity jurisdiction.

*Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006).

Of course, Plaintiff at some point will have to declare the identity of John Doe or dismiss John Doe from the lawsuit. If Plaintiff chooses to amend her complaint to name a previously unidentified Defendant, diversity jurisdiction will be determined at the time of the amended complaint. *Id.* at 540.

Plaintiff also implies in her brief that Defendant has not complied with E.D. Mich. LR 81.1(b)(2). Plaintiff writes "[i]n pertinent part, this local rule specifically states that Defendant must set forth the 'facts and reasons that the removing defendant possess (sic) that support the allegation….'" (Pl.'s Mot. at 3.) However, Rule 81.1(a) states that the rule applies only to removal actions where the complaint does not allege damages above the jurisdictional minimum. The current complaint alleges damages in excess of the jurisdictional minimum. (Compl. at ¶ 68(c), (3).)

Defendant has alleged complete diversity between all named Plaintiffs and Defendants. (Def.'s Notice of Rem. at 2.) If, as Plaintiff contends, Defendant John Doe is from Michigan, diversity may be destroyed. At this juncture, however, Plaintiff is not entitled to remand the case to state court.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's motion to remand is DENIED.

                                                  s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: June 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 12, 2008, by electronic and/or ordinary mail.

            s/Carol A. Hemeyer
            Case Manager